## GROVES *v.* STEEL et al.

An account rendered, or a letter written, to a party to a suit by his agent, is inadmissible in an action against a third person, to prove payments made by the principal, where the agent is alive and within the State. His testimony must be procured personally or under a commission.

Parol evidence is admissible in favor of one not a party, nor representing a party, to a sale of land, to prove that the consideration of the sale was different from that stated in the written act.

The declarations of a vendor, made shortly before and after a sale, though out of the presence of the vendee, acknowledging its simulation, are admissible against the latter, to prove fraud in the vendor; but such evidence is insufficient in itself, to establish fraud in the vendee.

Where an endorser on notes given for the price of property purchased by the maker, is compelled to pay them, he will be subrogated to the right of the creditor to maintain an action against a subsequent purchaser of the property to rescind the sale as simulated and fraudulent; though it was made before the payment of the notes by him. *PerCuriam:* The first vendor

could have attacked the sale, for it was made while he was a creditor; and as the conditional liability of the endorser existed at the date of the sale, it is just that, when subsequently compelled to pay, he should be considered as standing in the place of the vendor, and subrogated to his right to sue for a recision of the sale.  C. C. 2157.

Where the testimony of a witness was taken under a commission, on account of her infirmity and inability to attend the trial, and a rule, taken on the opposite party, under the stat. of 20 March, 1839, s. 17, to show cause why the testimony should not be read, returnable on the day of trial, was made absolute without opposition on that day, but before the trial commenced, the testimony cannot be objected to on the trial, on the ground that the witness was really able to attend.

A mother is incompetent as a witness for or against her daughter (C. C. 2260) ; but her evidence is admissible in favor of her son-in-law ; her credibility, as affected by her connection with him, being a proper subject for the consideration of the jury.

APPEAL from the District Court of Madison, *Curry*, J.  *Snyder, Stacy,* and *Sparrow*, for the plaintiff.  *J. Dunlap*, for the appellants.  The judgment of the court was pronounced by

SLIDELL, J.  The plaintiff seeks the recovery of the amount of two promissory notes, drawn by *John W. Brown*, and endorsed by the plaintiff, both dated at Natchez, December 20, 1836, one for $7,000, payable twelve months after date, and the other for $7,875, payable twenty-four months after date. He alleges that, these notes were given for the price of certain slaves sold by one *Slaughter* to *Brown :*  That the notes not being paid at maturity, the plaintiff was sued as endorser by *Slaughter*, and compelled to pay their amount :  That *Brown* died and left a child and a surviving wife, the defendant, now the wife of *Steele :*  That she was in community with *Brown*, and by intermeddling with the community after his death, has made herself personally liable for his debts:  That the child also died, and the mother has accepted its succession purely and simply :  That *Brown*, in the year 1838, to screen his property and defraud his creditors, made simulated sales to *Steele* of certain slaves, being those sold by *Slaughter*, the said slaves, however, really remaining the secret property of *Brown*.  Judgment was asked against the widow *Brown*, for the amount of the sums thus paid by plaintiff as endorser, with interest and costs. It was also prayed that the sales of the slaves to *Steele* be annulled, and that they be decreed to be sold to satisfy the plaintiff's claim.  There was judgment for the plaintiff, and the defendants appealed.

Portions of these averments were made by a supplemental petition; but we deem it unnecessary to consider any objections of form in that respect, as the defendants have not pressed a dismissal, but have asked that the cause be remanded for a new trial.  There are bills of exceptions in the record which entitle them to this relief.

The court erred in admitting an account rendered, and a letter written to *Groves* by *Bogart*, his commission merchant, to prove certain payments to *Slaughter*, for account of *Groves*.  *Bogart* was alive, and residing in the State. His testimony could have been procured.

In the answer it was pleaded, among other matters, that *Groves* had received from *Brown* a conveyance of a tract of land, which was made for the purpose of securing *Groves* on account of his liabilities as endorser for *Brown*, and that *Groves* was barred by the arrangement from recovering in the present suit. The deed from *Brown* to *Groves* was offered in evidence.  It purported to be for a consideration of $13,200, paid by *Groves* to *Brown* in cash.  In the inventory of *Groves's* estate, these lands were inventoried as belonging to his suc-

GROVES
v.
STEEL.

cession. The two subscribing witnesses to this deed were then offered, to prove the acknowledgments of *Groves*, before and after the execution of this deed, that he had received the land in satisfaction of all claims against *Brown*, and that he particularly specified the debt now in controversy. This testimony, upon objection by the plaintiff that it went to explain and contradict the deed, the court refused to receive; and *Steele* now contends that it should have been received in his favor.

We think he was clearly entitled to the benefit of such testimony. He was a third person, not a party to, nor representing a party to, the act. The declarations of *Brown* and wife, made shortly before and after the sale to *Steele*, but out of *Steele's* presence, acknowledging the simulation, were admissible against *Steele* to prove fraud in the vendor. The defendant, *Steele*, might have asked the court to charge the jury as to the limited effect of this evidence, and its insufficiency in itself to establish fraud in the vendee. The doctrine on this subject is more fully stated in *Martin* v. *Reeves*, 3 Mart. N. S. 24. See also *Guidry* v. *Grivot*, 2 Mart. N. S. 13.

The charge "that the surety is not the creditor of the principal until he has paid the debt," was calculated, in the form asked for, to mislead the jury, and was properly refused. If there was simulation as alleged, it was a fraud upon *Slaughter*, then the creditor. That very fraud may have induced *Slaughter* to believe that it was useless to attack *Brown*, and have led him to pursue the endorser, *Groves*. *Slaughter* could have attacked the sale, for it was made while he was a creditor; and as the conditional liability of *Groves* existed at the date of the sale, it is just that when he subsequently was compelled to pay, he should be considered as standing in the place of *Slaughter*, and subrogated to his right to maintain this action. Civil Code, art. 2157.

A witness, the mother of *Mrs. Brown*, now the wife of *Steele*, living in the parish where the cause was tried, had been examined under commission, obtained upon the affidavit of the defendant *Steele*, that she was infirm and unable to attend the court. After her testimony had been taken under commission, a rule was taken, under the statute of 1839, upon the plaintiff, to show cause why the testimony should not be read. This rule was returnable on the same day that the cause was put on trial, and was made absolute, without opposition, before the trial commenced. It would have been a surprise upon the defendants to permit the plaintiff still to object to this testimony, upon the ground that the witness was really able to attend personally. We think, however, that at a future trial, the enquiry may be raised upon affidavit by the plaintiff, whether the infirmity and disability to attend still continues; and, if it should satisfactorily appear that the witness is still living in the parish and able to attend the trial, the testimony under commission should not be received. The privilege accorded by article 430 of the Code of Practice should not be extended beyond the fair intendment of the law. It is always desirable that witnesses should be seen and heard by the judge and jury, if possible, and especially in a controversy involving questions of fraud.

Objection was made to the competency of this witness, on the ground that she was the mother of *Mrs. Steele*. If such was the fact, she was incompetent to testify either for or against her daughter (Civil Code, art. 2260); but her testimony was admissible in favor of *Steele*. Her credibility, as affected by her connection with him, was a proper subject for the consideration of the jury. See 6 La. 74. 10 Mart. 554.

It is therefore decreed that the judgment of the District Court be reversed, and that this cause be remanded for a new trial, and for further proceedings according to law; the plaintiff paying the costs of this appeal.